## Hartford Fire Insurance Company v. Prather, Jr.

(Decided February 8, 1927.)

## Appeal from Fulton Circuit Court.

1. Insurance—Insurer Held Bound on Policy which Local Agents Inadvertently Failed to Sign After Intentional Delivery and Collection of Premium.—Where policy of fire insurance was inadvertently delivered without signatures of local agents, which policy provided were necessary to render it valid, insurer was nevertheless bound up to time of cancellation by mutual agreement, after intentional delivery of policy by agents for purpose of binding company and receipt of premium; policy being recognized as valid.

2. Insurance—Insured, After Cancelling Policy, Could Not Recover Premium Paid for Unintentional Omission of Agents' Signatures, where Policy was Delivered and Recognized as in Force.—Insured could not recover back premium paid for fire insurance policy on ground that policy was void and premium was without consideration by virtue of failure of local agents to sign, though their signatures were required by policy's terms, where omission was unintentional, and policy was delivered and recognized as valid up to time of cancellation by mutual agreement; company being bound after delivery of policy, and omission of agents' signatures being insufficient to invalidate policy.

3. Insurance—Intentional Delivery of Fire Insurance Policy by Local Agents was Waiver of Omission of Agents' Signatures Required by Contract.—Intentional delivery of policy of fire insurance by local agents with purpose of binding insurer according to terms of policy waived omission of agents' names on blank line, which were required by terms of policy to be inserted to make policy valid.

B. T. DAVIS and MYERS & SHIRLEY for appellant.

HESTER & STAHR for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee, Prather, sought by this action in the Fulton circuit court to recover of the Hartford Fire Insurance Company $242.63 paid by him to the insurance company January 1, 1921, as premium upon a fire insurance policy for something more than $18,000.00, issued upon the house, barns and other improvements, and live stock upon his farm in Fulton county. The policy was to run for five years, the premiums for the subsequent years

being represented by notes for $242.43 each. The policy was issued by the company and signed by its officers as well as by its general agents in Chicago, and forwarded to Helm, Amberg. and Flemming, local agents at Hickman, for delivery to appellee, Prather. This firm had other business with appellee and kept in its safe a number of his valuable papers, including insurance policies. When the policy was received by the local agents they notified Prather of the fact, and at his suggestion, or in pursuance of the usual course, placed the fire insurance policy on Prather's property in their safe for his use and benefit. The cash premium had already been paid and they had notes for future instalments. At the end of the policy and below the signatures of the company's agents was this sentence: "This policy is valid only when signed by Helm, Amberg and Flemming." Immediately following this is a line for signature, at the end of which is the word "Agent." Helm, Amberg and Flemming, through oversight and neglect, failed to sign their names on the blank line as agents of the Hartford Fire Insurance Company. Some time after the first of January, 1922, and after the note for the premium on the fire policy for the second year was due and while it was yet unpaid, appellee, Prather, applied to the local agents for a cancellation of the policy and a reissual of a similar policy upon a smaller amount of property, and his policy was sent to the general agent of the company at Chicago, with the request for a cancellation and a reissue of a similar policy. The company consented to the cancellation, returning the policy to appellee, Prather. When he received it and examined it he discovered for the first time that the local agents, Helm, Amberg and Flemming, had failed to sign their names to the policy on the blank line, to which we have referred, whereupon appellee, Prather, demanded a return of the premium by him for the previous year, on the ground that the policy was void and he was not insured and, therefore, the premium paid by him was without consideration. When the insurance company declined to repay the sum he instituted this action. The lower court submitted the case to a jury, which returned a verdict in favor of Prather upon which judgment was entered. Complaining of this judgment the insurance company entered motion in this court for an appeal which is granted and the judgment reversed for the reasons hereinafter mentioned.

Appellee in his brief admits that there is no controversy of the fact and that the only question for decision is one of law. The insurance company in its answer and subsequent pleadings averred that the policy which it issued and delivered through its local agents to appellee, Prather, was a binding obligation upon it; that although the policy was not signed by the local agents, as indicated, it was nevertheless binding because the policy was properly signed by the officers of the company, by the general agents of the company and delivered by the local agents of the company to the insured for the purpose of becoming and of being a valid and subsisting contract of fire insurance upon the property described therein, and was, in fact, such for the reason that if a fire had occurred and destroyed the property covered by the contract, the insurance company would have been required to pay according to the terms of the policy; that the delivery of the policy by the agents of the company was a waiver of the provision that the contract was not to become binding until signed by the local agents, and this the company had a right to waive as did also its local agents for whose benefit the reservation was made. It is also pleaded that the failure of the local agents to sign their names upon the blank line was a mere oversight on the part of the local agents and not intentional and did not affect the validity of the policy. That it did not affect the validity of the policy is at once apparent. Certainly it could not have affected the validity of the policy under the facts of this action. The local agents of the company intended to sign their names to the policy before delivering it but by oversight failed to do so. The policy was delivered by the local agents of the company and accepted by appellee, Prather, each intending and believing that it was a valid policy of fire insurance. Neither knew that the local agents had failed to sign their names on the blank line. The company had accepted the application of appellee, Prather, for the policy and had issued the same and sent it to the local agents for delivery and the local agents had collected the premium. Furthermore, they recognized the validity of the policy after its delivery and at all times during the year 1921, up to January 1st, 1922. Under such circumstances the company was bound upon the policy and appellee obtained the protection which he sought by the policy, and should not in good conscience be permitted to avoid the payment of the premium which he contracted to and did

pay to the local agents of the company. If, as contended by appellee, Prather, the contract was invalid and did not afford fire protection for his property described in the contract, then he would be entitled to a recovery of the premiums paid, but where he applied for and obtained the kind of policy he desired, which policy was in full force and effect during the term for which he paid, he is not entitled in either equity or law to a return of the premium although the local agents, through oversight or mistake, failed to sign their names upon the blank line provided in the policy for their names, for that did not invalidate the policy. An intentional delivery of the policy by the local agents, with the purpose of binding the company according to the terms of the policy, waived the omission of the agents' names upon the blank line and made the contract valid in all respects.

There was no question of fact which the court could have properly submitted to the jury and, in submitting the case to the jury, the court committed error, for which the judgment must be reversed, with direction to proceed in conformity with this opinion.

Judgment reversed.